UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV503MLM |
| | )Consolidated with 4:09CV1633CAS | |
| TL PRODUCTIONS, LLC. , | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the court on plaintiff's Motion for Default Judgment against defendant TL Productions, LLC. [Doc. 29][1] The Clerk of the Court has entered the default of TL Productions, LLC. (Doc. 32) A Default Hearing was held on May 26, 2010. Defendant TL Productions, LLC received notice of the Default Hearing by hand delivery on May 24, 2010 to its registered agent, Frank J. Schmidt. See Doc. 35. At the time of the Hearing, Vincent D. Vogler appeared for plaintiff. No one appeared for defendant TL Productions, LLC. Plaintiff presented evidence including copies of 47 U.S.C. § 553 (Unauthorized Reception of Cable Services and 47 U.S.C. § 605 (Unauthorized Publication or Use of Communications). Following the Hearing, plaintiff submitted the affidavit of Vincent D. Vogler in support of plaintiff's prayer for damages. (Doc. 41)

---

[1] The individual defendants, Thomas M. Gray and Louise Gray have filed for bankruptcy protection. Therefore the case is stayed as to them. Plaintiff filed a Motion to Dismiss the Grays and that Motion will be ruled by separate order.

# FACTS

The facts are unopposed and therefore admitted. By contract, plaintiff Joe Hand Promotions, Inc. paid for and was thereafter granted the exclusive nationwide television distribution rights to the *Ultimate Fighting Championship 67: "All or Nothing"* telecast which took place on February 3, 2007. This included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program".

Pursuant to contract, plaintiff Joe Hand Promotions, Inc. entered into subsequent sub-licensing agreements with various commercial entities throughout North America, including entities within the state of Missouri, by which it granted these entities limited sub-licensing rights, specifically the rights to publicly exhibit the Program to the patrons within their respective establishments, i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.

With full knowledge that the Program was not to be intercepted, received and exhibited by entities unauthorized to do so, the above-named defendant and/or its agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the Program at the time of its transmission at The Feisty Bulldog, a sports bar located at 720 North First Street, St. Louis, Missouri 63102. This unauthorized interception, publication, exhibition and divulgence by defendant was done willfully and for the purpose of direct or indirect commercial advantage or private financial gain.

Plaintiff filed its Complaint in this court under 47 U.S.C. § 605 for the Knowing Interception, Receipt and Exhibition of Unauthorized Programming seeking damages allowed by the statute in the amount of $100,000.00 for the willful violation of this statute.

Plaintiff further sought damages against the defendant for its knowing violation of 47 U.S.C. § 553 for the Unauthorized Interception, Exhibition, Publication and Divulgence of the Program, all of which were prohibited by 47 U.S.C. § 553 seeking the maximum statutory damages in the amount of $50,000.00 for the willful violation of this statute.

The defendant TL Productions, LLC, a limited liability company, d/b/a The Feisty Bulldog, has terminated all active operations at 720 North First Street in the city of St. Louis where it previously operated a sports bar.

Congress enacted the provisions contained in 47 U.S.C. § 553 *et seq.*, in order to attempt to control the unauthorized interception and unauthorized use of programming which parties such as plaintiff had an absolute right to control and charge for the distribution of to the consumers in this country.

## **CONCLUSION**

Based on the above facts and the exhibits and affidavits submitted, the court finds that plaintiff is entitled to statutory damages under 47 U.S.C. § 605 of $100,000.00 and to statutory damages under 47 U.S.C. § 553 of $50,000.00 as well as attorneys' fees and court costs. Defendant has waived attorneys' fees.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Joe Hand Promotions, Inc. shall recover $150,000.00 in statutory damages from defendant TL Productions, LLC and $350.00 in costs.

**IT IS FURTHER ORDERED** that a separate Default Judgment shall issue contemporaneously herewith.

_____
RODNEY S. SIPPEL
UNITED STATES DISTRICT JUDGE


Dated this 10th day of June, 2010.